[Cite as *Dean v. Unicco Serv. Co.*, 2011-Ohio-3036.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LINDA S. DEAN | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| UNICCO SERVICE COMPANY, ET AL. | Case No. 2010CA00247 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                Case No. 2009CV03892


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         June 20, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MARIO GAITANOS                            THOMAS R. WYATT
437 Market Avenue North                   JERRY P. CLINE
Canton, OH  44702                         561 Boston Mills Road
                                          Suite 700
                                          Hudson, OH  44236

*Farmer, P.J.*

{¶1}    On January 13, 2009, appellee, Linda Dean, was working for appellant, Unicco Service Company, when she injured her lower back, right shoulder, and right foot.  Following administrative hearings, appellee was granted Workers' Compensation benefits.

{¶2}    On October 9, 2009, appellant filed an appeal with the Court of Common Pleas of Stark County, Ohio (Case No. 2009CV03892).  Thereafter, appellee's request for additional allowances was denied, so she filed an appeal on March 9, 2010 (Case No. 2010CV00994).  The two cases were consolidated on June 23, 2010.

{¶3}    On June 22, 2010, appellee filed a motion for summary judgment in Case No. 2009CV03892, claiming she was entitled to Workers' Compensation benefits based upon the opinion of her expert, Lisa Vaughn, D.O.  Appellant filed a memorandum contra on July 1, 2010, claiming appellee failed to present any Civ.R. 56 evidence to support her motion.  Appellee filed a reply on July 13, 2010 and appellant filed a sur-reply on July 15, 2010.  Appellee filed a supplemental reply brief on July 19, 2010.  By judgment entry filed July 22, 2010, the trial court granted the motion.

{¶4}    On July 27, 2010, appellant filed a motion for reconsideration.  By judgment entry filed August 3, 2010, the trial court denied the motion.

{¶5}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}    "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT PLAINTIFF-APPELLEE PROVIDED AUTHENTICATED AND ADMISSIBLE CIVIL

RULE 56 EXPERT TESTIMONY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT."

I

{¶7}    Appellant claims the trial court erred in granting summary judgment to appellee.  We agree.

{¶8}    Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶9}    "Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶11} Appellant argues the trial court erred in accepting the affidavit of Dr. Vaughn as it did not qualify under Evid.R. 702, 703, and 705. In its judgment entry filed July 22, 2010, the trial court found the following:

{¶12} "Upon review of the pleadings and supporting documents, the Court finds that there are no genuine issues of material fact. The Court finds that the Defendant has not offered any expert testimony which contradicts Dr. Vaughn's expert opinion that Plaintiff's conditions are causally related to the subject work injury. Therefore, the Court hereby grants Plaintiff's Motion for Summary Judgment."

{¶13} First, it is necessary to examine the procedural history of the motion for summary judgment. Via a judgment entry of assigned dates filed January 25, 2010, all discovery was ordered to be completed by May 24, 2010, with expert reports to be exchanged by April 14, 2010. The judgment entry contains the following specific reference to dispositive motions:

{¶14} "Dispositive Motions must be filed **on or before June 23, 2010**. Responsive Briefs to dispositive motions are due **within fourteen (14) days of the filing of any Dispositive Motion** unless otherwise ordered by the Court. Reply Briefs are due **within seven (7) days of the filing of Responsive Briefs** unless otherwise ordered by the Court. The Court will hold a Non-Oral Summary Judgment Hearing on the day following the filing of the Reply Brief."

{¶15} Appellee filed her motion for summary judgment on June 22, 2010. Attached to the motion was the affidavit of her attorney attesting to the attached documents which were copies of a Workers' Compensation form signed by Dr. Vaughn, a Mercy Medical Center discharge report, and the Record of Proceedings from the

Industrial Commission. An affidavit from Dr. Vaughn was not included. The trial court set the matter for hearing on July 14, 2010. See, Assignment Notice filed June 24, 2010.

{¶16} On July 1, 2010, appellant filed a memorandum contra, claiming appellee failed to present any Civ.R. 56 evidence to support her motion. Appellant challenged the attempted authentication of the documents by appellee's attorney and the unsworn nature of the documents under the Ohio Rules of Evidence. In addition, appellant attached appellee's deposition to challenge the causation issue based upon pre-existing injuries.

{¶17} On July 13, 2010, appellee filed a reply brief, attaching the affidavit of Dwan Gordan-St. John, the Public Inquiry Supervisor for the Bureau of Workers' Compensation and the Records Custodian for appellee's case. Ms. Gordan-St. John attested to the true and accurate nature of the documents attached to the motion for summary judgment.

{¶18} On July 15, 2010, appellant filed a sur-reply, challenging Ms. Gordan-St. John's "authentication" of appellee's medical records and Dr. Vaughn's diagnosis under the Rules of Evidence.

{¶19} On July 19, 2010, appellee filed a supplemental brief which included the affidavit of Dr. Vaughn wherein she attested to the following:

{¶20} "Affiant states that the conditions of sprain right foot, contusion of right shoulder, sprain of right shoulder, thoracic sprain and lumbar sprain, were diagnosed by Affiant and causally related directly to the January 13, 2009 work incident so described in the FROI-1.

{¶21} "Based upon Affiant's education, experience, and medical treatment of Claimant Linda S. Dean, Affiant offers the above opinions and opinions set forth in the FROI-1, within a reasonable degree of medical certainty."

{¶22} The supplemental reply brief was filed beyond the "seven day rule" of the aforementioned discovery order, without leave of court. Further, we note Dr. Vaughn did not include her curriculum vitae, but stated her opinion was based upon her "education, experience, and medical treatment" of appellee.

{¶23} The trial court granted summary judgment to appellee three days after the supplemental reply brief was filed and on the same day that appellant filed its expert's affidavit and reports contra to Dr. Vaughn's affidavit. The trial court's decision was filed at 8:30 a.m. Appellant's response to appellee's supplemental reply brief was filed at 2:57 p.m.

{¶24} Following the trial court's judgment entry granting appellee's motion for summary judgment, appellant filed a motion for reconsideration. Appellee challenged the motion, citing the well established theory that such motions are a nullity, and arguing that appellant's expert's new report was presented after the exchange date of April 14, 2010 and was contrary to the previous reports. Appellant's April 27, 2010 notice of filing expert report did not include its expert's report nor did appellee's brief in opposition to the motion for reconsideration. The trial court summarily denied the motion to reconsider.

{¶25} Appellee's original motion for summary judgment and subsequent reply did not include sufficient evidence to satisfy the requirements of Evid.R. 702, 703, and 705. Appellee eventually satisfied the requirement via the untimely affidavit of Dr.

Vaughn. We note the supplemental reply brief was filed after the hearing date, contra to the original scheduling order, and without leave of court.

{¶26} The timing of the judgment entry granting summary judgment to appellee some three days after the supplemental response brief did not give appellant time to respond. As the proof of service indicates, it was sent by ordinary mail on July 19, 2010. Therefore, we find it was error to consider the supplemental reply brief filed without leave of court and without affording appellant time to respond. The supplemental reply brief essentially restarted the summary judgment process because it provided, for the first time, the affidavit of Dr. Vaughn, making the previous filing admissible.

{¶27} Upon review, we conclude it was premature to rule on the summary judgment motion, and reverse the trial court's decision and remand the matter for further consideration.

{¶28} The sole assignment of error is granted.

{¶29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 525

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINDA S. DEAN | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| UNICCO SERVICE COMPANY, ET AL. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00247 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

s/ Sheila G. Farmer_____

s/ John W. Wise_____

s/ Patricia A. Delaney_____

JUDGES